People v Roach (2020 NY Slip Op 51350(U))

[*1]

People v Roach (Maxwell)

2020 NY Slip Op 51350(U) [69 Misc 3d 141(A)]

Decided on November 13, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

15-413

The People of the State of New 
 York, Respondent,
against
Maxwell Roach,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Guy H. Mitchell, J.), rendered April 14, 2015, convicting him, upon a plea of
guilty, of disorderly conduct under 21 NYCRR § 1050.7(j)(l), and imposing sentence.

Per Curiam.
Judgment of conviction (Guy H. Mitchell, J.), rendered April 14, 2015, affirmed.
The information charging disorderly conduct under the New York City Transit Authority
Rule prohibiting any person from occupying more than one seat on a subway train (see 21
NYCRR § 1050.7[j][l]), was not jurisdictionally defective because it contained
"nonconclusory factual allegations that, if assumed to be true, address[ed] each element of the
crime charged, thereby affording reasonable cause to believe that defendant committed that
offense" (People v Middleton, 35
NY3d 952, 954 [2020], quoting
People v Matthew P., 26 NY3d 332, 335-336 [2015]). Moreover, the allegations satisfy
the prima facie requirement. The instrument recited that on a specified date and time, a police
officer "observed the defendant lying outstretched with feet extended across multiple seats
aboard a northbound 'A' train;" that "[t]he train was crowded and there were approximately
twenty passengers inside the train car at the time of [the] observation;" and that the officer was "a
custodian of the New York City subway system and the defendant did not have permission or
authority to engage in the above described conduct." Contrary to defendant's present claim, these
allegations were sufficient for pleading purposes to support a reasonable inference that
defendant's conduct "interfere[d] or tend[ed] to interfere with ... the comfort of other passengers"
(21 NYCRR § 1050.7[j][l]; see
People v Richards, 61 Misc 3d 133[A], 2018 NY Slip Op 51458[U] [App Term, 1st
Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 13, 2020